**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO. 4:19-cv-10173-JLK**

SH MARATHON, LTD., *a limited partnership*

      Plaintiff,

v.

HOMESITE INSURANCE COMPANY, *a corporation*

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (the "Motion") (DE 19), filed December 4, 2020. The Court has additionally considered Plaintiff's Response (DE 23) filed on January 4, 2021, and Defendant's Reply (DE 29) filed on January 25, 2021.

**I.   BACKGROUND**

The following facts are undisputed:

On June 19, 2017, Homesite Insurance Company ("Defendant") issued a Standard Flood Insurance Policy ("SFIP") to SH Marathon ("Plaintiff"). Mot. at 6 ¶ 1. On September 10-11, 2017, Hurricane Irma damaged the Plaintiff's property. *Id.* at ¶ 2. On September 20, 2017, Plaintiff submitted a claim to Defendant under its flood insurance policy for damages from the hurricane. *Id.*

On October 5, 2017, Jason Dawsey, Defendant's adjuster, mistakenly inspected the wrong property at an incorrect address supplied by Richard West, Plaintiff's public adjuster. *Id.* ¶ 4.

Dawsey took photos of the address, documented that there was no damage and recommended closing the claim without payment. Mot. at 7 ¶ 5. Dawsey, testified: ". . . the public adjuster gave me the wrong address, so this file should not have been closed without pay. It should have been inspected with a public adjuster. . . ." Resp. Ex. 1 at 23:4–6, DE 23-1.

On October 11, 2017, Dawsey and West (adjusters for both parties) conducted a joint inspection of the correct property. Mot. at 8 ¶ 11. After the inspection, Dawsey prepared several estimates for building damages and continued to adjust the claim. *Id*. at 9 ¶ 12. On October 12, 2017, Defendant issued a letter to the Plaintiff denying its claim on the grounds of lack of damage. *Id.* at 7 ¶ 6; *see also* DE 19-2. Plaintiff received the October 12, 2017 denial letter, retained counsel, and notified Defendant of the alleged mistake. *Id.* at 7–8 ¶ 8.

On September 6, 2018, Defendant received Plaintiff's request for additional payment supported by a Proof of Loss dated August 30, 2018. Mot at 8 ¶ 9. On October 26, 2018, Defendant rejected Plaintiff's Proof of Loss and request for additional payment and reiterated its previous denial of Plaintiff's original flood claim. *Id*. ¶ 10. On September 6, 2019, Defendant issued a check based on its adjuster's estimate and mailed it to Plaintiff. *Id.* at 9 ¶ 14. The check has not been cashed. Mot at 9 ¶ 14. On September 25, 2019, Plaintiff filed its Complaint alleging breach of its Flood Policy and nonpayment of claims. *Id*. ¶ 15.

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  An issue is genuine if a reasonable jury could return a verdict for the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742

(11th Cir. 1996).  A fact is material if it may affect the outcome of the case under the applicable substantive law.  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted.  *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).  The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). On a motion for summary judgment, the court views the evidence and all reasonable inferences in the light most favorable to the non-moving party.  *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

### III.    DISCUSSION

Defendant argues that Plaintiff's lawsuit is barred by the SFIP Statute of Limitations. *See* Mot. Specifically, Defendant argues that it issued a denial letter to Plaintiff dated October 12, 2017 which explicitly pointed out the one-year time limitation to file a lawsuit and thus triggered the commencement of the statute of limitations which would expire on October 12, 2018. *Id*. at 12–13.  Plaintiff did not file the instant suit until September 25, 2019, almost two (2) years after the October 12, 2017 denial letter. *Id*. at 13; *See* Compl.

In its Response, Plaintiff argues that its suit is not barred because the limitations period commences when the Plaintiff has a complete and present cause of action. *See* Resp. Specifically, Plaintiff argues that Defendant's first denial letter, dated October 12, 2017, did not start the Statute of limitations period because it was a "mistaken denial." *Id*. at 9. Plaintiff further argues that "[t]he only proper and valid denial of the claim occurred on October 26, 2018, when the Defendant sent a letter to the Plaintiff denying its proof of loss." *Id*. at 17.

In its Reply, Defendant argues that Plaintiff provided no case law to support its arguments. Defendant in turn cites two cases from sister circuits which support that the initial denial letter from an insurance company, even if based on mistaken facts, starts the one-year statute of limitations period. *See Wagner v. Dir., FEMA*, 847 F.2d 515 (9th Cir 1988); *See Cohen v. Allstate Ins. Co.*, 924 F.3d 776 (5th Cir. 2019).

Federal law requires the claimant to bring suit within one year of the mailing of the denial of the claimant's flood insurance claim. 42 U.S.C. § 4072; 44 C.F.R. § 62.22; *Lynn Phillips and James Brown v. American Strategic Insurance Corp.*, No. 4:18-cv-10292-JLK, 2020 U.S. Dist. LEXIS 5423, at *1 (S.D. Fla. Jan. 10, 2020). The policy itself states: "[i]f you do sue, you must start the suit within 1 year after the date of written denial of all or part of the claim. . . ." DE 19-6 at 16–17.

Here, Defendant initially denied Plaintiff's claim by letter dated October 12, 2017 and Plaintiff received this letter. *See* Denial Letter Ex. 2, DE 19-2; Mot. at 7–8 ¶ 8. The October 12, 2017 letter informed Plaintiff to "[f]ile suit within one (1) of the denial of your claim." DE 19-2 at 3. Therefore, the one-year statute of limitations in this case expired on or about October 12, 2018 regardless of the mistaken inspection. Because Plaintiff did not bring suit until September 25, 2019, Plaintiff's claim is time barred by the statute of limitations.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1) Defendant's Motion for Summary Judgment **(DE 19)** be, and the same is, hereby **GRANTED**.

2) Defendant's Motion in Limine **(DE 20)** is hereby **DENIED AS MOOT.**

3) Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, final judgment in favor of Defendant will be set out in a separate Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and U.S. Courthouse, Miami, Florida this 7th day of April, 2021.

                                                                  */s/ James Lawrence King*
                                                                   JAMES LAWRENCE KING
                                                                   UNITED STATES DISTRICT JUDGE

**cc:**    **All counsel of record**